UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MARY C. VANDENHEEDE,

    Plaintiff,

vs.

Case No. 12-12284

HON. GEORGE CARAM STEEH

FRANK B. VECCHIO, individually
and as trustee of the DONALD J.
CHINN TRUST, FRANK A. BORSCHKE,
individually and as trustee of the DONALD
J. CHINN TRUST, BUTZEL LONG, and
DOEREN MAYHEW & CO., P.C.,

    Defendants.
_____/

OPINION AND ORDER GRANTING DEFENDANTS DOEREN MAYHEW
AND FRANK A. BORSCHKE'S MOTION FOR JUDGMENT ON THE
PLEADINGS [DOC. 18] AND GRANTING DEFENDANTS FRANK B. VECCHIO
AND BUTZEL LONG'S MOTION FOR JUDGMENT ON THE PLEADINGS [DOC. 20]

    Plaintiff Mary C. Vandenheede filed suit in this court on May 24, 2012 against the co-trustees of the Donald J. Chinn Revocable Trust ("Chinn Trust"), Frank B. Vecchio and Frank A. Borschke, as well as the Chinn Trust's accounting firm, Doeren Mayhew, and law firm, Butzel Long. Plaintiff alleges a violation of 26 U.S.C. § 7434(a) for filing a false and fraudulent tax form, civil conspiracy, intentional infliction of emotional distress, and detrimental reliance/breach of contract. The defendants filed motions for judgment on the pleadings for failure to state a claim upon which relief can be granted under Fed. R. Civ. P. 12(c). For the reasons that follow, defendants' motions are both GRANTED.

-1-

FACTUAL BACKGROUND

Mary Vandenheede and Donald Chinn began dating in 1992. Chinn began to pay Vandenheede's living expenses and even bought her a house. Chinn paid for his and Ms. Vandenheede's living expenses from his revocable trust, the Chinn Trust.

Chinn was divorced from his wife, with whom he had three children, Sheryl Chinn, Robyn Sundberg, and Donald J. Chinn, Jr. By early 2006, Chinn had been diagnosed with the onset of Alzheimer's disease. Chinn's children appeared before the probate court on the issue of having a guardian and conservator appointed for their father. There was disagreement among the children on this issue. On May 17, 2006, the Oakland County Probate Court entered orders appointing Oakland County Public Administrator Stephen C. Albery as Conservator of Chinn, and appointing Sheryl Chinn, Donald J. Chinn, Jr. and Stephen Albery as Co-Guardians of Chinn.

Chinn and Vandenheede applied for, and received, a marriage license in July, 2006 from the Macomb County Register of Deeds.

In October, 2006, the three children resigned as co-trustees of the Donald J. Chinn Trust, in favor of Frank B. Vecchio and Frank A. Borschke, Chinn's long-time attorney and accountant respectively. Vecchio was a partner at the law firm of Butzel Long, and Borschke was a partner in the accounting firm Doeren Mayhew.

After Vecchio and Borschke became co-trustees, the Chinn Trust issued Forms 1099-MISC to Vandenheede for 2006 and 2007, and sent copies of the forms to the Internal Revenue Service. The 1099-MISC's asserted that the Chinn Trust had paid income to Vandenheede in a trade or business of $87,893.34 in 2006 and $27,542.21 in 2007.

Donald Chinn died on November 17, 2009.

Vandenheede objected to the issuance of the Forms 1099-MISC, asserting that any amounts paid to her were to reimburse her for Chinn's living expenses, or to continue his practice of paying her living expenses.  The IRS assessed Vandenheede income tax and penalties, as did the Michigan Treasury.  Vandenheede's counsel filed amended tax returns on her behalf to reverse the effect of the 1099-MISC filings, and wrote letters to Vecchio and Borschke, as well as their employers, demanding that they have the filings retracted.  Defendants refused to contact the IRS and retract the allegedly false and fraudulent Forms 1099-MISC.

Vandenheede brought a refund action in the United States District Court, which eventually led to the full abatement of the Federal income tax, penalty and accrued interest.  *Vandenheede v. United States*, Case. No. 12-cv-10742 (J. Cox). Vandenheede then filed the instant action to recover from Vecchio, Butzel Long, Borschke, and Doeren Mayhew for her physical and emotional suffering, and her attorney fees, caused by defendants' wrongful conduct.  The individual defendants were sued in their individual capacities and as trustees of the Chinn Trust.

The claim for legal fees is against defendant Vecchio, who Vandenheede claims promised to reimburse her for legal fees that she incurred in obtaining a draft prenuptial agreement in anticipation of marrying Mr. Chinn in 2006.

## LEGAL STANDARD

Failure to state a claim upon which relief can be granted may be raised by a motion for judgment on the pleadings under Rule 12(c) after the complaint and answer have been filed.  Fed. R. Civ. P. 12(c), 12(h)(2)(B), 7(a).

Rule 12(b)(6) allows the Court to make an assessment as to whether the plaintiff has stated a claim upon which relief may be granted.  Under the Supreme Court's articulation of the Rule 12(b)(6) standard in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 554-56 (2007), the Court must construe the complaint in favor of the plaintiff, accept the allegations of the complaint as true, and determine whether plaintiff's factual allegations present plausible claims.  "[N]aked assertions devoid of further factual enhancement" are insufficient to "state a claim to relief that is plausible on its face". *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009).  To survive a Rule 12(b)(6) motion for dismiss, plaintiff's pleading for relief must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Ass'n of Cleveland Fire Fighters v. City of Cleveland*, 502 F.3d 545, 548 (6th Cir. 2007) (quoting *Bell Atlantic*, 550 U.S. at 555) (citations and quotations omitted).  Even though the complaint need not contain "detailed" factual allegations, its "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Id.* (citing *Bell Atlantic*, 550 U.S. at 555).

ANALYSIS

I. <u>Count I - 26 U.S.C. 7434(a)</u>

Count I is based on an alleged violation of 26 U.S.C. 7434(a), which provides:

If any person willfully files a fraudulent information return with respect to
payments purported to be made to any other person, such other person
may bring a civil action for damages against the person so filing such
return.

A 1099-MISC is considered an information return which is used to report to the IRS payments made under 26 U.S.C. § 6041(a) of $600.00 or more in any taxable year

to persons who are not employees but who received payments of rent, salaries, wages, premiums, annuities, compensations, profits and other types of income. In order to have a cause of action under 26 U.S.C. § 7434, the information return must be willful and fraudulent when it is filed. In addition, the defendant must be the person "so filing" such a return.

Defendants argue that the "filer" is the person required by statute to file the return, and not every person involved in preparing the return. The statute does not define who is a filer of an information return when, for example, the preparer is different than the taxpayer. Defendants do cite to a regulation which states that the filer is the person "required to file an information return . . . " U.S. Treasury Reg. 26 C.F.R. § 301.6721-1(g)(6). Plaintiff points out that this regulation construes 26 U.S.C. § 6721, which provides for a penalty upon a person who is required to file an information return with the IRS but fails to do so. While the regulation relates to a different statute than the one plaintiff has sued under, the regulation does address the failure to correctly file an information return such as the 1099-MISCs at issue in this case.

The language that appears in 26 U.S.C. § 6721 is very broad, providing that a failure of "any person" to file a required information return will result in a penalty. The regulation construes that language narrowly to include only persons required to file an information return. The language of § 7434 also refers to "any person" who willfully files a fraudulent information return. In this case the tax consequences, if any, of the 1099-MISCs ran directly to Donald J. Chinn, who reported all income and deductions of his trust on his personal income tax returns. Donald J. Chinn was, therefore, the person required to file the information return.

Borschke and Vecchio prepared and caused the return to be filed, but it was Donald J. Chinn who "filed the return" for purposes of § 7434. There is no authority for the argument that the defendants, either personally or as co-trustees, are the filers of the 1099s, and the statutory claim plaintiff brings is only authorized "against the person so filing such return." 26 U.S.C. § 7434(a). Plaintiff's claim against Borschke and Vecchio for filing a fraudulent information return under 26 U.S.C. § 7434 is dismissed.

## II. Counts II and III - Civil Conspiracy and Intentional Infliction of Emotional Distress

Michigan statute provides for a three year limitations period governing claims for injury to person or property. MCL 600.5805(10). Plaintiff argues that accrual of the limitations period is extended under a continuing violation theory. Plaintiff's continuing violation theory is based on the argument that Vecchio and Borschke allowed the false, fraudulent 1099s to remain extant with the IRS, resulting in a continuing injury to plaintiff. The forms remained with the IRS until May, 2012, when plaintiff's counsel persuaded the IRS to abate them.

The continuing violations theory was rejected in *Garg v. Macomb Co. Community Mental Health Services*, 472 Mich. 263, 290 (2005) ("We conclude that the 'continuing violations' doctrine is contrary to the language of § 5808 and hold, therefore, that the doctrine has no continued place in the jurisprudence of this state.") The complaint, filed on May 24, 2012, was filed more than three years after the 2006 and 2007 forms 1099-MISC were filed with the IRS.[1] Plaintiff's common law claims of civil conspiracy and intentional infliction of emotional distress are therefore time-barred.

---

[1] The record does not indicate exactly when the 1099-MISCs were filed, but plaintiff does not dispute that they were filed more than three years prior to her complaint.

Plaintiff also argues that defendants have failed to plead the statute of limitations in their answer, so it is waived. Plaintiff is incorrect in this argument. See Mr. Borschke's Affirmative Defense ¶ C and Doeren Mayhew's ¶ E: "Plaintiff's claims are barred or limited by the statue of limitations."

III. Count IV - Detrimental Reliance

There is no separate cause of action for detrimental reliance, which is simply an element of other causes of action, such as promissory estoppel or innocent misrepresentation. Plaintiff contends that Vecchio promised to pay her legal bills for obtaining a prenuptial agreement prior to marrying Chinn. Vecchio was *Chinn's* attorney and therefore his agent. Any promise made by Vecchio in this situation would have been a representation made on behalf of his client Mr. Chinn, not one made on his own personal behalf for which he, the Chinn Trust, or his law firm Butzel Long could be held liable. *See Uniprop, Inc. v. Morganroth*, 260 Mich. App. 442, 447 (2004).

IV. Claims Against Doeren Mayhew

The claims against accounting firm Doeren Mayhew are barred by Michigan's Accountant Liability Act, MCL 600.2962, which provides that a *non-client* may sue a certified public accountant *only* for fraud or an intentional misrepresentation. In this case, Vandenheede is not a client of Doeren Mayhew, and she does not claim fraud or intentional misrepresentation by Doeren Mayhew, at least not with the requisite particularity.

Plaintiff responds that she is suing Borschke and Vecchio in their capacities as Trustees of the Chinn Trust in filing Forms 1099-MISC with the IRS. Plaintiff argues that this is not a "public accounting service", so MCL 600.2962 does not have any

application to the services at issue here. According to MCL 339.720(2), the "practice of public accounting includes . . . (c) the preparation of tax returns, (d) the furnishing of advice on tax matters." The very crux of this case is the filing of allegedly wrongful tax forms. In addition to the reasons cited above for dismissing plaintiff's lawsuit, the claims against Doeren Mayhew are barred by the Michigan Accountant Liability Act.

## CONCLUSION

For the reasons set forth above, defendants' motions for judgment on the pleadings are GRANTED.

Dated: February 25, 2013

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on February 25, 2013, by electronic and/or ordinary mail.

s/Barbara Radke
Deputy Clerk

---